UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE TAPIA, | No. 2:13-cv-00553-TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| CAMPBELL SOUP SUPPLY COMPANY, LLC et al., | |
| Defendants. | |

This matter is before the Court pursuant to the Court's order to show cause regarding subject matter jurisdiction. (Minute Order, ECF No. 18.) For the reasons set forth below, this Court hereby remands the case to the Superior Court of California, County of Sacramento.

**BACKGROUND**

Plaintiff Guadalupe Tapia ("Plaintiff") filed this action on or about January 25, 2013, in Sacramento County alleging four causes of action: (1) wrongful termination in violation of public policy, (2) retaliation in violation of public policy, (3) failure to accommodate, and (4) failure to engage in the interactive process. (Compl., ECF No. 2-1.) Plaintiff named Defendants Campbell Soup Supply Company, LLC ("Campbell"), individual Maria D. Garcia ("Garcia"), and fictitious defendants Does 1 through 25. (ECF No. 2-1.) Campbell removed the action to this Court under

1

28 U.S.C. § 1332(a) alleging complete diversity of citizenship existed and the amount in controversy exceeded $75,000.  (Notice of Removal, ECF No. 2 at 1:25–28.)  Campbell alleges that it is a New Jersey-based company incorporated in Delaware and Plaintiff is a California citizen.  (ECF No. 2 at 2:25-3:15.)  Campbell also believes and is informed that Defendant Garcia is a citizen of California; however, Campbell argues that the Court should disregard Garcia's non-diverse citizenship because she is a "sham defendant" who Plaintiff fraudulently joined.  (ECF No. 2 at 3:15–21.)  In light of the above, this Court issued a minute order to show cause as to why this Court has jurisdiction.  (ECF No. 18.)  Campbell filed a response and Plaintiff filed an opposition.  (Def.'s Response, ECF No. 19; Pl.'s Opp'n, ECF No. 20.)[1]

## LEGAL STANDARD

A defendant may remove an action from state court to federal court if it was a case of which the district court would have original jurisdiction.  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states . . . ."  *Id.* at § 1332(a)(1).  Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that complete diversity of citizenship is required).

The "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined[]'" to defeat diversity.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Allegations of fraudulent joinder can succeed only on a showing that the "plaintiff fails to state a cause of action against [the] defendant, and the failure is obvious according to the well-settled rules of the state[.]"  *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris*, 236 F.3d at 1067); *McCabe*, 811 F.2d at 1339.

---

[1] Defendant Campbell filed a reply to the opposition (ECF No. 21), however, this Court in its discretion struck the response as untimely and unauthorized.  (Minute Order, ECF No. 22.)  Even though the Court does not consider the reply, nothing in the reply would change the Court's analysis.

The removing defendant has the burden to show that the nondiverse defendant is a sham or was fraudulently joined by "clear and convincing" evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In determining whether a defendant was joined fraudulently, the courts must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992), *cited approvingly in Hamilton Materials, Inc.*, 494 F.3d at 1206. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also* 28 U.S.C. § 1447(c) (". . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .").

## ANALYSIS

The parties agree that Plaintiff is a citizen of California, Defendant Garcia is a citizen of California, and Defendant Campbell is *not* a citizen of California. The parties also agree that the amount in controversy threshold has been met. Therefore, the only issue for the Court's consideration is whether the presence of Garcia, a California citizen, destroys diversity or whether the Court should disregard her citizenship as a sham defendant who has been fraudulently joined.

The Court finds that Defendant has not shown by clear and convincing evidence that Plaintiff cannot assert a possible claim for relief against Garcia. Plaintiff's complaint alleges a second claim for relief entitled "retaliation in violation of public policy (whistleblowing)." (ECF No. 2-1 at ¶¶ 34–37.) Within the enumerated paragraphs in this claim, Plaintiff cites several sections of the California Labor Code including sections 6400, 6404, 923, 6311, 1102.5, and 98.6. Section 6311 provides:

> No employee shall be laid off or discharged for refusing to perform work in the performance of which this code, including Section 6400, any occupational safety or health standard or any safety order of the division or standards board will be violated, where the violation would create a real and apparent hazard to the employee or his or her fellow employees. Any employee who is laid off or discharged in violation of this section . . . shall have a right of action for wages for the time the employee is without work as a result of the layoff or discharge.

Plaintiff argues that section 6311 does not limit itself to a right of action against only employers, and therefore, the complaint alleges a valid claim for relief against Garcia for retaliation. (ECF No. 20 at 5:25–26.) On the other hand, Campbell argues that under California law, no cause of action for retaliation can exist against an individual. (ECF No. 19 at 8:24–9:12.) Campbell's argument that individuals may not be liable for retaliation under the Fair Employment and Housing Act ("FEHA") or under Labor Code section 1102.5 is well taken. *See Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1160 (2008); *Lloyd v. County of Los Angeles*, 172 Cal. App. 4th 320, 330 (2009). However, Campbell cannot demonstrate that well-settled California law precludes Plaintiff from suing Garcia for retaliation under section 6311.[2] Indeed, Campbell does not cite any authority to the contrary, let alone any authority that would make Plaintiff's claim for relief against Garcia under section 6311 obviously deficient.

Campbell complains that "it was unclear against whom [the second cause of action for retaliation] was asserted" in essence arguing that Plaintiff did not sufficiently allege a retaliation claim predicated on section 6311. (ECF No. 19 at 8:20–21.) Campbell's argument is misplaced. Fraudulent joinder is not evaluated under the more exacting *Iqbal/Twombly* pleading standards. Rather, courts employ the pre-*Twombly* "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957), to determine whether under the facts alleged, the plaintiff can state a claim for relief for purposes of determining fraudulent joinder. *Wong v. Michaels Stores, Inc.*, No. 1:11-cv-00162 AWI JLT, 2012 WL 718646, at *5 (E.D. Cal. Mar. 5, 2012) ("*Twombly* and *Iqbal* clarify the federal pleading standard set forth by Rule 8(a) but make no comment as to the propriety of pleading under California law. For this reason, courts have refused to apply the *Twombly* and *Iqbal* standards to determine whether a defendant was fraudulently joined."); *accord Velasquez v.*

---

[2] Prior to the California Supreme Court's foreclosure of liability against individuals for retaliation under FEHA (*see Jones*, 42 Cal. 4th at 1160), district courts found that it was possible that plaintiffs could prevail against individuals under a retaliation cause of action under FEHA and therefore, fraudulent joinder was inappropriate. *See, e.g.*, *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1011–12 (2001) (remanding case to state court because defendant could not show non-diverse supervisors were fraudulently joined). Similarly here, absent any well-settled law governing retaliation claims under section 6311, the Court finds that it is possible for Plaintiff to state a claim against Garcia, rendering fraudulent joinder inappropriate.

*HMS Host USA, Inc.*, No. 2:12-cv-02312-MCE-CKD, 2012 WL 6049608, at *3 (E.D. Cal. Dec. 5, 2012). Under this more lenient standard, the Court finds that Plaintiff's retaliation allegations in the complaint raise a possible claim for relief under section 6311 against Garcia. *See Conley*, 355 U.S. at 47 (requiring only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation marks omitted). Plaintiff alleges that Garcia "verbally warned [Plaintiff] that if she was to suffer another accident/injury while at work she would be terminated." (ECF No. 2-1 at ¶ 9.) Plaintiff alleges that she injured herself at work on or about January 15, 2011, when she entered a freight/service elevator. (ECF No. 2-1 at ¶¶ 11–13.) Plaintiff was treated for those injuries, filed a worker's compensation claim, and complained to Garcia about the defective elevator. (ECF No. 2-1 at ¶¶ 14–18.) Plaintiff alleges that "Maria D. Garcia [] carried out her threat [] that if she ever had another accident at the worksite she would be terminated." (ECF No. 2-1, at ¶ 20; *see also* ECF No. 2-1 at ¶ 6 (alleging Garcia terminated Plaintiff for having a job injury and for filing a workers' compensation claim).) Even accepting Campbell's argument that Plaintiff's allegations are ambiguous, any ambiguities must be resolved in favor of remand. *Dodson*, 951 F.2d at 42–43.

In making this finding, the Court does not decide whether Plaintiff will prevail or even whether she will probably prevail on the merits against Garcia. Rather, the Court only finds that Campbell has failed to meet its burden to show that Garcia is a sham defendant who is fraudulently joined.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Because the Court finds this action should be remanded based on the original complaint, it need not decide whether Plaintiff's subsequent amendment to add a claim alleging intentional infliction of emotional distress against Garcia affects jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders this action remanded to the Superior Court of the City and County of Sacramento. The Clerk of this Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court and close this case.

**IT IS SO ORDERED.**

DATED: September 16, 2013

Troy L. Nunley
United States District Judge